UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO MENDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>J. MACOMBER, et al.,<br><br>    Defendants. | No. 2:14-cv-2265 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
9 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
10 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
11 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12 Cir. 1989); Franklin, 745 F.2d at 1227.

13    In order to avoid dismissal for failure to state a claim a complaint must contain more than
14 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
15 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
18 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
19 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
21 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
22 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
23 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
24 U.S. 232, 236 (1974).

25    Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See
26 Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the
27 grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
28 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only

1  "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever
2  v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action
3  are present, but are scattered throughout the complaint and are not organized into a "short and
4  plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v.
5  Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

6  Here, plaintiff alleges that certain inmates are harassing and threatening his family for
7  gang-related reasons, and that prison medical staff are denying him medication for pain and
8  seizures. His rambling and confusing complaint does not meet the Rule 8 pleading requirements.
9  Moreover, Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim,
10 counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate
11 claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."
12 "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not
13 be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th
14 Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

15 Another flaw of the complaint is that the bulk of the allegations concern actions by prison
16 inmates, who are not proper defendants. The Civil Rights Act under which this action was filed
17 provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

21 42 U.S.C. § 1983. Inmates harassing another inmate are not acting "under color of [state law]."[1]

22 For these reasons, plaintiff's complaint must be dismissed. However, plaintiff will be
23 granted one opportunity to amend the complaint to state a claim. Plaintiff should note that

---

[1] In addition, it does not appear that plaintiff has exhausted administrative remedies for the alleged harm(s) prior to filing suit. (See ECF No. 1 at 2.) Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).

1    although he has been given the opportunity to amend, it is not for the purpose of adding new
2    claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff chooses to amend the
3    complaint, he should carefully read this screening order and focus his efforts on curing the
4    deficiencies set forth above.

5    In an amended complaint, plaintiff must demonstrate how the conditions complained of
6    have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
7    227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant
8    is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
9    link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode,
10   423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
11   F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official
12   participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266,
13   268 (9th Cir. 1982).

14   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
15   make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
16   complaint be complete in itself without reference to any prior pleading. This is because, as a
17   general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
18   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
19   longer serves any function in the case. Therefore, in an amended complaint, as in an original
20   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21   In accordance with the above, IT IS HEREBY ORDERED that:

22   1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

23   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
24   shall be collected and paid in accordance with this court's order to the Director of the California
25   Department of Corrections and Rehabilitation filed concurrently herewith.

26   3. Plaintiff's complaint is dismissed.

27   4. Plaintiff is granted thirty days from the date of service of this order to file an amended
28   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 3, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mend2265.14.new